## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Great Lakes Dredge & Dock Company, LLC** | |
| **Plaintiff** | Civil Action No.:  2:22-cv-00067 |
| **vs.** | IN ADMIRALTY, FRCP 9(h) |
| **F/V VALLY (U.S. Official Number 543320), her engines, boilers, tackles, and other appurtenances, etc.,** *in rem* | |
| **And** | |
| **Shrimp Trawler Vally Incorporated,** | |
| *in personam* | |
| **Defendants** | |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Great Lakes Dredge & Dock Company, LLC (hereinafter "GLDD" or "Plaintiff"), by this Verified Original Complaint against Defendant F/V VALLY (U.S. Official Number 543320), its engines, boilers, tackles, and other appurtenances etc. *in rem* (hereinafter "F/V VALLY",) and Shrimp Trawler Vally Incorporated ("Vally Inc."; collectively, "Defendants"), *in personam*, and alleges and pleads as follows:

## THE PARTIES

1.     Plaintiff GLDD is a limited liability company organized and existing under the laws of the State of Delaware.

Verified Complaint In Rem

2.     The principal place of business of GLDD is 9811 Katy Freeway, Suite 1200, Houston,

       Texas 77024.

3.     GLDD is, and was at the time of the maritime collision described in this Complaint, the

       operator of the Dredge Vessel TERRAPIN ISLAND (U.S. Official Number 630823).  As

       of the date of the collision, April 5, 2019, GLDD was the owner *pro hac vice* of the

       TERRAPIN ISLAND in accordance with a Master Bareboat Charter agreement between

       GLDD as Charterer, and CIT Bank NA as Owner (*a true and correct copy of the*

       *Ownership Certification is attached hereto as "Exhibit 1"*).

4.     CIT Bank NA is a financial institution located in Livingston, New Jersey.  CIT Bank was

       the Owner of the dredging vessel TERRAPIN ISLAND on the date of the collision

       between the VALLY and the TERRAPIN ISLAND.

5.     In accordance with the Master bareboat charter agreement for the TERRAPIN ISLAND

       that CIT Bank had with GLDD, GLDD had full possession, control, management, and

       command of the TERRAPIN ISLAND on April 5, 2019 as Owner *pro hac vice* and was

       responsible for the maintenance and repair of the TERRAPIN ISLAND. (*See Exhibit 1 –*

       *Owner Certification*).

6.     Defendant F/V VALLY is a 64-foot commercial fishing vessel built in 1972 with an

       Official U.S. Number 543320 and IMO number 7333183 and owned by Shrimp Trawler

       Vally Incorporated.  It is now, or will be during the pendency of this action, within the

       Southern District of Texas and subject to the jurisdiction of this Court.

7.     Vally Inc. is a Texas corporation with its principal place of business at 2025 Anglers

       Place Road, Brownsville, Texas, 78521-9249, and its registered office at PO Drawer B,

       Navigation District Lower Docks, Port Isabel, Texas, both within this District.

Verified Complaint In Rem

**JURISDICTION**

8.      This matter arises out of a maritime collision tort pursuant to 46 U.S.C. § 31301(5)(b)

that occurred within the jurisdiction of this Court in the Corpus Christi Ship Channel,

navigable waters adjacent to Corpus Christi, Texas, and is within this Court's admiralty

and maritime jurisdiction pursuant to  28 U.S.C. § 1333.

9.      As a result of the maritime collision described further below, Plaintiff has a preferred

maritime lien against the F/V VALLY.

10.     The F/V VALLY has a homeport of Brownsville, Texas.

11.     The F/V VALLY is, or will be, during the pendency of this action, present within the

Southern District of Texas and subject to arrest within the District to enforce Plaintiff's

preferred maritime lien in accordance with the provisions of Rule C of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure.

12.     Vally Inc. is a Texas corporation with its principal place of business and its registered

office both within this District.

13.     This is an admiralty matter under Rule 9(h) of the Federal Rules of Civil Procedure.

**VENUE**

14.     Venue is proper in the United States District Court for the Southern District of Texas

because this Court has subject matter jurisdiction over the matter at issue, the F/V

VALLY is homeported in this District and is, or will be during the pendency of this

action located within this District, and the principal place of business of Valley Inc. is

within the District.

Verified Complaint In Rem

## THE COLLISION

15.   On the morning of April 5, 2019, the vessel TERRAPIN ISLAND was actively engaged in dredging operations in the Corpus Christi Ship Channel, inbound lane, near buoys nos. 7 and 8 (approximate position 27° 49' 7" North, 097° 01' 6" West).

16.   That location was seaward of the demarcation line delineating those waters upon which mariners shall comply with the International Regulations for Preventing Collisions at Sea, 1972 (the "COLREGS") and those water upon which mariners shall comply with the Inland Navigation Rules (the "NAVRULES"), as set forth at 33 CFR § 80.850.

17.   The Navigation Rules applicable to the area were the COLREGS, pursuant to the International Navigational Rules Act of 1977, 33 U.S.C. chapter 30.

18.   There was a dense fog in the area of the Corpus Christi Ship Channel that morning and the TERRAPIN ISLAND had the appropriate navigation lights and sound signals for a vessel restricted in its ability to maneuver and was properly monitoring its marine radios.

19.   The Corpus Christi Ship Channel is a navigable waterway which GLDD, by means of the TERRAPIN ISLAND and other vessels, was in the process of making wider and deeper to improve the safety of the Channel as part of the Corpus Christi Ship Channel Improvement Project.

20.   As the TERRAPIN ISLAND was approaching the end of the dredging area on the inbound lane of the ship channel, the 2nd mate onboard looked for AIS contacts and checked his radar so that the TERRAPIN ISLAND could negotiate a clear starboard turn and make a fourth pass of the dredging area.  The TERRAPIN ISLAND's compass heading was approximately 290 degrees.  The turn appeared clear, so the 2nd mate then initiated a turn to the right.

21.     As the TERRAPIN ISLAND reached a heading of approximately 081 degrees at

approximately 9:20 a.m., a bright white light was seen by the TERRAPIN ISLAND at

close range on the starboard side of the vessel.  The light appeared to come from a fishing

vessel that was attempting to cross from right to left, in front of the TERRAPIN ISLAND

and was later identified as the F/V VALLY.

22.     A crewmember on the TERRAPIN ISLAND sounded the danger signal and instructed

another crewmember onboard to take the dredging gear off the bottom of the ship

channel.  A crewmember then placed the engines of the TERRAPIN ISLAND in reverse

in an attempt to avoid the collision.

23.     Despite the best efforts of the TERRAPIN ISLAND, the fishing vessel collided with the

TERRAPIN ISLAND's starboard bow.

24.     The impact from the collision of the F/V VALLY into the TERRAPIN ISLAND caused a

triangular-shaped hole in the TERRAPIN ISLAND's starboard bow  (hereinafter referred

to as "the Damage") that measured approximately 22 inches wide at the top by 42 inches

in height, with an area of approximately 464.2 square inches.  The Damage was located

approximately eight feet above the vessel's waterline and corresponds with the

TERRAPIN ISLAND's starboard upper bow thruster room.

25.     After the collision, the fishing vessel backed away from the TERRAPIN ISLAND, faded

into the fog, and departed the scene without communicating with the TERRAPIN

ISLAND or offering assistance.

26.     Crewmembers of the TERRAPIN ISLAND who had been working on the bow were able

to read the fishing vessel's name as "VALLY".

Verified Complaint In Rem

27.     The TERRPIN ISLAND attempted to reach the F/V VALLY on marine radio (VHF-FM) channels to communicate regarding the collision and to find out if the F/V VALLY or any of its persons onboard needed assistance.

28.     The F/V VALLY did not respond to the radio calls from the TERRAPIN ISLAND and did not make any radio calls to the TERRAPIN ISLAND.

29.     The Captain of the TERRAPIN ISLAND then reported the collision to the United States Coast Guard, Sector Corpus Christi at approximately 9:30 a.m. and moved the TERRAPIN ISLAND from the ship channel.  The TERRAPIN ISLAND then proceeded to Gulf Copper in Aransas Pass, Port Aransas to carry out a full assessment of the damage determine the needed repairs.  (*A true and correct copy of the Coast Guard CG-2692 filed by GLDD is attached hereto as "Exhibit 2"*).

30.     The collision between the TERRAPIN ISLAND and the F/V VALLY was solely and exclusively the result of the actions and omissions of the F/V VALLY.

**COUNT I – NEGLIGENCE OF F/V VALLY**
**FAILURE TO MAINTAIN PROPER LOOKOUT**

31.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

32.     Upon information and belief, the collision was caused by the failure of the F/V VALLY to maintain a proper lookout by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and risk of collision as required by Rule 5 of the COLREGS.

33.     As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to maintain a proper lookout, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair

Verified Complaint In Rem

of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN

ISLAND being put out of service during its period of repair.

**COUNT II – NEGLIGENCE OF F/V VALLY**
**FAILURE TO MAINTAIN A SAFE SPEED**

34.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in

paragraphs 15 through 30.

35.     Upon information and belief, the collision was caused by the failure of the F/V VALLY

to proceed at a safe speed so that it could take proper and effective action to avoid

collision and be stopped within a distance appropriate to the prevailing circumstances and

conditions as required by Rule 6 of the COLREGS.

36.     At the time of the collision, the F/V VALLY was operating at a speed that failed to take

into account: (i) the state of visibility; (ii) the traffic density; (iii) the maneuverability of

the vessel; (iv) the dredging operations in the channel; (v) the characteristics, efficiency

and limitations of the radar equipment on board the F/V VALLY; (vi) the number,

location and movement of vessels detected by radar, if any; and (vii) the more exact

assessment of the visibility that may have been possible when radar is used to determine

the range of vessels or other objects in the vicinity.

37.     As a direct, foreseeable, and proximate consequence of the negligence of the F/V

VALLY through its failure to maintain a safe speed, the F/V VALLY collided with the

TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of

the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN

ISLAND being put out of service during its period of repair.

**COUNT III – NEGLIGENCE OF F/V VALLY**
**FAILURE TO ASSESS RISK OF COLLISION**

Verified Complaint In Rem

38.   Plaintiff realleges and incorporates by reference herein all the allegations set forth in

paragraphs 15 through 30.

39.   Upon information and belief, the collision was caused by the failure of the F/V VALLY

to use all available means appropriate to the prevailing circumstances and conditions to

determine if risk of collision exists, and to make proper use of radar equipment to obtain

early warning of risk of collision as required by Rule 7 of the COLREGS.

40.   As a direct, foreseeable, and proximate consequence of the negligence of the F/V

VALLY through its failure to assess the risk of collision, the F/V VALLY collided with

the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair

of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN

ISLAND being put out of service during its period of repair.

### COUNT IV – NEGLIGENCE OF F/V VALLY
### FAILURE TO TAKE PROPER ACTION TO AVOID COLLISION

41.   Plaintiff realleges and incorporates by reference herein all the allegations set forth in

paragraphs 15 through 30.

42.   Upon information and belief, the collision was caused by the failure of the F/V VALLY

to take proper action to avoid collision, including the failure to pass at a safe distance, the

failure to slacken its speed or take all way off by stopping or reversing its means of

propulsion, and the failure to take early action to avoid collision, all as required by Rule 8

of the COLREGS.

43.   As a direct, foreseeable, and proximate consequence of the negligence of the F/V

VALLY through its failure to take proper action to avoid collision, the F/V VALLY

collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages

for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

## COUNT V – NEGLIGENCE OF F/V VALLY
## FAILURE TO KEEP OUT OF THE WAY WHEN OVERTAKING

44.   Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

45.   Upon information and belief, the collision was caused by the failure of the F/V VALLY to keep out of the way of the TERRAPIN ISLAND while overtaking the TERRAPIN ISLAND, as required by Rule 13 of the COLREGS.

46.   As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to keep out of the way of the TERRAPIN ISLAND while overtaking the TERRAPIN ISLAND, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

## COUNT VI – NEGLIGENCE OF F/V VALLY
## FAILURE TO TAKE EARLY AND SUBSTANTIAL ACTION TO KEEP WELL CLEAR

47.   Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

48.   Upon information and belief, the collision was caused by the failure of the F/V VALLY to take early and substantial action to keep well clear of the TERRAPIN ISLAND while required to keep out of the way of the TERRAPIN ISLAND, as required by Rule 16 of the COLREGS.

49.   As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to take early and substantial action to keep well clear of the

Verified Complaint In Rem

- 9 -

TERRAPIN ISLAND while required to keep out of the way of the TERRAPIN ISLAND, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

### COUNT VII – NEGLIGENCE OF F/V VALLY
### FAILURE TO KEEP OUT OF THE WAY
### OF A VESSEL RESTRICTED IN ITS ABILITY TO MANEUVER

50.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

51.     At the time of the collision, the TERRAPIN ISLAND was engaged in dredging, and was therefore a vessel restricted in its ability to maneuver, pursuant to Rule 3(g)(ii) of the COLREGS.

52.     Upon information and belief, the collision was caused by the failure of the F/V VALLY to take keep out of the way of the TERRAPIN ISLAND, a vessel restricted in its ability to maneuver, as required by Rule 18(a) of the COLREGS.

53.     As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to keep out of the way of the TERRAPIN ISLAND, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

### COUNT VIII – NEGLIGENCE OF F/V VALLY
### FAILURE TO COMPLY WITH THE RULES FOR A VESSEL
### NAVIGATING IN OR NEAR AN AREA OF RESTRICTED VISIBILITY

54.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

Verified Complaint In Rem

55.     At the time of the collision, the F/V VALLY and the TERRAPIN ISLAND were navigating in an area of restricted visibility due to heavy fog.

56.     Upon information and belief, the collision was caused by the failure of the F/V VALLY to comply with the rules for a vessel navigating in or near an area of restricted visibility, by failing to proceed at a safe speed adapted to the prevailing circumstances and conditions of restricted visibility, with its engines ready for immediate maneuver, and by failing to take avoiding action in ample time, and upon detecting the presence of the TERRAPIN ISLAND forward of the F/V VALLY's beam, failing to reduce her speed to the minimum at which it could be kept on her course, or to take all its way off, and failing to navigate with extreme caution until danger of collision was over, as required by Rule 19 of the COLREGS.

57.     As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to comply with the rules for a vessel navigating in or near an area of restricted visibility, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

<b>COUNT IX – NEGLIGENCE OF F/V VALLY</b><br><b><u>FAILURE TO MAKE REQUIRED SOUND SIGNALS IN RESTRICTED VISIBILITY</u></b>

58.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

59.     At the time of the collision, the F/V VALLY and the TERRAPIN ISLAND were navigating in an area of restricted visibility due to heavy fog.

Verified Complaint In Rem

60.     Upon information and belief, the collision was caused by the failure of the F/V VALLY to comply with the rules for a vessel navigating in or near an area of restricted visibility to make the sound signals as required by Rule 35 of the COLREGS.

61.     As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to comply with the rules for sound signals to be made by a vessel navigating in or near an area of restricted visibility, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

### COUNT X – NEGLIGENCE OF F/V VALLY
### FAILURE TO EXERCISE GOOD SEAMANSHIP

62.     Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

63.     At the time of the collision, the F/V VALLY and the TERRAPIN ISLAND were navigating in an area of restricted visibility due to heavy fog.

64.     Upon information and belief, the collision was caused by the failure of the F/V VALLY to take precautions required by the ordinary practice of seamen and by the special circumstances of the case, and to have due regard to the dangers of navigation and to the special circumstances at the time, including the limitations of the vessels involved, by, failing to exercise reasonable seamanship and failing to communicate with the TERRAPIN ISLAND by marine radio to confirm its intentions to pass the TERRAPIN ISLAND in the heavy fog experienced at the time, all in violation of Rule 2 of the COLREGS.

65. As a direct, foreseeable, and proximate consequence of the negligence of the F/V VALLY through its failure to comply with the requirements of good seamanship, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

**COUNT XI – NEGLIGENCE OF F/V VALLY**
**CLAIM FOR PREFERRED MARITIME LIEN**

66. Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 65.

67. As a result of the F/V VALLY's negligence as set forth above, the F/V VALLY collided with the TERRAPIN ISLAND, causing GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair, in the amount of approximately at US$256,701, exclusive of pre- and post-judgement interest and costs.

68. On July 3, 2019, Laura Tuisl, a Risk Manager with GLDD, sent a demand letter to Mr. Sam Snodgrass, President of Shrimp Trawler Vally Incorporated and Owner of the VALLY, for the damages sustained by the TERRAPIN ISLAND.  Included in that demand letter were the line-item costs incurred by GLDD as a result of the damages, along with the accompanying invoices. (*a true and correct copy of the demand letter sent to Mr. Sam Snodgrass is hereto attached as "Exhibit 3"*).

69. Much like the TERRAPIN ISLAND's attempt at communications with the VALLY at the time of the collision, no response was received.

70.   Accordingly, payment of sums has been demanded by Plaintiff but remains outstanding. The outstanding balance, in addition to the prejudgment interest and expenses continue to accrue while the principal sum remains unpaid.

71.   To date, the outstanding sums currently stand at US$256,701 in principal plus (i) US$40,462 (as of the date of this Complaint) of accrued interest, and (ii) costs and expenses, for a total amount of US$297,163 as of the date of this Complaint, which amount is due and/or payable.

72.   As a result of the F/V VALLY's failure to pay the amounts owed to GLDD originating from the collision, Plaintiff's claim for the amount of US$256,701 plus interest and costs and expenses, attaches as a preferred maritime lien in favor of Plaintiffs on the F/V VALLY under the general maritime law.

73.   This lien is enforceable by suit *in rem* in accordance with Rule C(1)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

74.   By this action, Plaintiff claims and seeks to enforce its preferred maritime lien by suit *in rem*, in accordance with, and pursuant to, the general maritime law and Rule C and E of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, to recover the sums due from the F/V VALLY.

### COUNT XII – NEGLIGENCE OF VALLY INC.
### FAILURE TO MAN THE F/V VALLY
### WITH PROPERLY TRAINED AND COMPETENT CREW

75.   Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

76.   Upon information and belief, the collision was caused by the negligent failure of Vally Inc. to properly man the F/V VALLY with properly experienced, qualified, trained, and competent crew familiar with the COLREGS and the practice of good seamanship.

Verified Complaint In Rem

77.    As a direct, foreseeable, and proximate consequence of the negligent failure of Vally Inc. to properly man the F/V VALLY with properly experienced, qualified, trained, and competent crew familiar with the COLREGS and the practice of good seamanship, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

## COUNT XIII – NEGLIGENCE OF VALLY INC.
## FAILURE TO PROPERLY EQUIP THE F/V VALLY

78.    Plaintiff realleges and incorporates by reference herein all the allegations set forth in paragraphs 15 through 30.

79.    Upon information and belief, the collision was caused by the negligent failure of Vally Inc. to properly equip the F/V VALLY with properly functioning radar, automatic identification system ("AIS") equipment, and marine radios capable of operating on required marine VHF-FM radio channels.

80.    As a direct, foreseeable, and proximate consequence of the negligent failure of Vally Inc. to properly equip the F/V VALLY, the F/V VALLY collided with the TERRAPIN ISLAND, and caused GLDD to incur substantial damages for the repair of the TERRAPIN ISLAND and substantial lost profits as a result of the TERRAPIN ISLAND being put out of service during its period of repair.

## RESERVATION OF RIGHT TO AMEND

81.    Plaintiff reserves the right to amend this pleading to allege other faults on the part of F/V VALLY and Vally Inc. as the facts pertaining to this matter become more fully developed.

Verified Complaint In Rem

WHEREFORE, Plaintiff prays as follows:

A.  That process in due form of law, according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against F/V VALLY, her engines, tackle, other appurtenances, etc., *in rem*, a warrant for the arrest of the F/V VALLY, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.  That the F/V VALLY, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., after her arrest, be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

C.  That the damages suffered by GLDD be declared a valid preferred maritime lien on the F/V VALLY and declared prior and superior to all other interests, liens, or claims against the F/V VALLY;

D.  That judgment in the amount of US$256,701 plus accrued and compound interest and costs and expenses be granted in favor of Plaintiff and against the vessel F/V VALLY; and

E.  That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Verified Complaint In Rem

Dated: April 5, 2022

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Texas State Bar No.: 07805100
Fed. I.D. No.: 2805
Eugene W. Barr
Texas State Bar No.: 24059425
Fed. I.D. No.: 1144784
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: 713.224.8380
Facsimile: 713.225.9545
dimitri.georgantas@roystonlaw.com
eugene.barr@roystonlaw.com

OF COUNSEL:

MILLS BLACK, LLP
H. Allen Black*
Peter F. Black*
1215 19th Street, NW
Washington, DC 20036
Telephone: (202) 467-4180
hablack@millsblack.com
plack@millsblack.com
(*Application for Pro Hac Vice admission pending)

Verified Complaint In Rem

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **Great Lakes Dredge & Dock Company, LLC**<br><br><br><br><br>**Plaintiff**<br><br>**vs.**<br><br>**F/V VALLY (U.S. Official Number 543320), her engines, boilers, tackles, and other appurtenances, etc., *in rem***<br><br>**And**<br><br>**Shrimp Trawler Vally Incorporated,**<br><br>*in personam*<br><br>**Defendants** | Civil Action No.:<br><br>IN ADMIRALTY, FRCP 9(h) |

## VERIFICATION OF ORIGINAL COMPLAINT *IN REM*

I, Stephanie Espinoza, declare as follows:

1. I am Assistant General Counsel to Great Lakes Dredge & Dock Company, LLC ("GLDD") and I am authorized by that company to verify the Complaint in this case on its behalf.

2. I have read the foregoing Verified Complaint in this matter and based on documents and information obtained from employees and representatives of the Plaintiff, I am informed and believe the factual allegations and the matter therein to be true and correct to the best of my knowledge, information, and belief, and on that ground, I allege the factual allegations and matters stated in the Verified Complaint to be true.

Verification of Complaint

- 1 -

I declare under penalty of perjury and the laws of the United States of America and the State of Texas that the foregoing is true and correct.

Executed this 5th day of April 2022 in Houston, Texas.

/s/
Stephanie Espinoza

SUBSCRIBED AND SWORN TO BEFORE ME this 5th day of April 2022


Christina Scott
My Commission Expires
01/12/2025
ID No. 11611428

Notary Public

State of Texas

County of Harris

Verification of Complaint